141 F.3d 1178
 2 Cal. Bankr. Ct. Rep. 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Nicholas A. PETERS, Debtor.
Nicholas A. PETERS, Appellant,
v.
Nancy Jo RETTIG, Appellee.
 No. 96-56701.
BAP No. CC-94-02523-VJRi.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 2, 1998**.
Decided Mar. 25, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Volinn, Jones, and Riegle, Judges, Presiding.
 Before BRUNETTI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debtor Nicholas A. Peters, a licensed real estate sales person, appeals the BAP's decision that two personal loans from Nancy Jo Rettig were nondischargeable because Peters committed defalcation while acting as a fiduciary. Debts are not dischargeable in bankruptcy if they were incurred "for fraud or defalcation while acting in a fiduciary capacity ...." 11 U.S.C. § 523(a)(4).
 
 
 3
 The bankruptcy court specifically found that Peters did not commit fraud. Because the BAP did not reverse that finding and it is not now challenged as being clearly erroneous, we discuss only the defalcation prong of section 523(a)(4).
 
 
 4
 "Defalcation" occurs when a fiduciary misappropriates or fails to account for trust funds or money held in a fiduciary capacity. See In re Lewis, 97 F.3d 1182, 1186 (9th Cir.1996) citing Black's Law Dictionary 417 (6th ed.1990). Even assuming Peters was in a fiduciary relationship with Rettig, he did not hold funds in trust and was not obligated to provide Rettig an accounting. Thus, Peters could not have committed defalcation and section 523(a)(4) does not bar discharge of Peters's personal loans from Rettig.
 
 
 5
 Whether Peters was in fact a fiduciary to Rettig is irrelevant if there was no fraud and no defalcation. Here, there was neither. Thus, we do not address the BAP's conclusion that under California law a real estate sales person soliciting loans in his personal capacity is a fiduciary to the lender.
 
 
 6
 The decision of the BAP is REVERSED. This case is remanded to the BAP for remand to the bankruptcy court with instructions to enter judgment in favor of Peters consistent with this memorandum.
 
 
 7
 Peters's motion to strike the Supplemental Excerpts of Record is granted because the documents it contained were irrelevant to the issues on appeal. Sanctions against Rettig are denied because there was no vexatious intent in including the irrelevant documents.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3